IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>  v.<br><br>REAL PROPERTY AT 6557 ASCOT DRIVE, OAKLAND, CALIFORNIA,<br><br>    Defendant,<br><br>HEREFORD HUMANITARIAN BUSINESS TRUST, HUIBERT JOHANNES VAN PRAAG, LONGMEAD PROPERTIES LIMITED AND HOWARD JACHTER,<br><br>    Claimants.<br>_____/ | No. C 02-4948 JSW<br><br>**ORDER GRANTING CLAIMANTS' MOTION TO LIFT STAY** |

Now before the Court is Claimants Huibert van Praag[1] and Hereford Humanitarian Business Trust's (collectively referred to as "Claimants") motion to lift the stay in this civil forfeiture action. This matter is set for a motions hearing on Friday, April 22, 2005. Having considered the parties' papers, the Court finds the matter suitable for disposition without oral argument and hereby GRANTS Claimants' motion to lift the stay. *See* N.D. Civ. L.R. 7-1(b). Accordingly, the hearing currently set for April 22, 2005 is VACATED.

---

[1] Mr. van Praag makes this motion on behalf of himself, and as assignee of the rights of claimant Longmead Properties Limited.

**BACKGROUND**

**I.  Factual Background.**

On June 10, 2002, Mr. van Praag wire-transferred $7,713,898.75 of his personal funds to Donaldson, Lufkin & Jenrette, Pershing Division, the designated custodian for the so-called "Regalia Fund," which in turn sent the funds to Ryan Beck-Gruntal Co.  (Declaration of Joseph Camillucci ("Camillucci Decl.") at ¶ 14.)  Mr. van Praag made the transfer to pay for a subscription in the Regalia Fund/Wellington Capital Sub-Fund ("the Fund"), which was managed by Steven Fontaine.  (*Id*.)  On June 10, 2002, two other investors, Hereford Humanitarian Business Trust ("HHBT") and Longmead Properties Limited ("Longmead"), also wire-transferred $12,551,491.50 and $3,630,070.00, respectively, for subscriptions in the Fund.  (*Id*.)  In total, these three investors ("the investors"), HHBT, Longmead and van Praag, invested $23,895,460.25 in the Regalia Fund.  The funds were held collectively in a single account at Ryan Beck-Gruntal.

On June 26, 2002, $1,015,557.00 of the investors' funds was transferred from the Ryan Beck-Gruntal account to a client account of McFadden Solicitors at the Royal Bank of Scotland in London.  (*Id*. at ¶ 17.)  One month later, on July 26, 2002, the remaining $22,909,503.00 of the investors' funds in the Ryan Beck-Gruntal account was transferred to a Morgan Stanley account in Berkeley, California in the name of the Regalia Fund.  (*Id*. at ¶ 18.)  On August 1, 2002, the same funds were then transferred to an account at the Bank of America held in the name of the Regalia Fund and Steven J. Fontaine.  (*Id*.)

On August 5, 2002, Fontaine wired $1,556,997.30 of the investors' funds out of the Bank of America account to pay for a single family home located at 6557 Ascot Drive in Oakland, California - the subject defendant Real Property in this action.  (*Id*. at ¶ 25.)  On October 10, 2002, the government seized the real property located at 6557 Ascot Drive, the remaining funds from both Bank of America accounts, and several other items of personal property purportedly owned by Fontaine.  (*Id*.)  The government seized the property based on allegations that it was purchased with funds from an alleged money laundering and wire fraud scheme conducted by Fontaine.

**II.     Procedural Background.**

Over two years ago, on October 11, 2002, the government filed the instant civil forfeiture action concerning the real property purchased by Fontaine on August 5, 2002 with the investors' funds.  Pursuant to a stipulation of the parties, the Court signed an order on June 2, 2003 staying this civil forfeiture action pursuant to 18 U.S.C. section 981(g)(1) "pending the conclusion of the criminal investigation and prosecution of Steven Fontaine."

Claimants assert that they have a substantial interest in this property, and now seek to have the stay lifted to allow all interested parties to resolve their claims to the subject real property.  The United States asserts that the investigation in which Fontaine is a target is still ongoing.  (United States' Response to Motion to Lift Stay at 2.)  However, the United States does not oppose Claimants' motion to lift the stay in this forfeiture action, "notwithstanding that some portion of its criminal investigation might be disclosed or subject to discovery in this action."  (*Id.*)

**DISCUSSION**

Pursuant to 18 U.S.C. § 981(g)(1), "[u]pon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case."  Generally, before granting a stay, the court must make two determinations: (1) whether a related criminal investigation or prosecution exists; and (2) whether civil discovery will adversely affect the ability of the government to conduct that criminal investigation or prosecution were the civil forfeiture case allowed to proceed.  *United States v. All Funds ($357,311.68) Contained in Northern Trust Bank of Florida Account,* No. 3:04-CV-1476-G, 2004 U.S. Dist. LEXIS 15590, at *4 (N.D. Tex. Aug. 10, 2004).  "There is no presumption that civil discovery, in itself, automatically creates an adverse effect on the government's related criminal proceeding." *Id.* at *5.  The government bears the burden of making an actual showing regarding the anticipated adverse affect.  *Id.*

3

1   Here, because the Court entered the stay pursuant to a stipulation by the parties, the government was not required to, nor did it make a showing that civil discovery would adversely affect its ability to conduct the related criminal investigation. The United States does not oppose Claimants' motion to lift the stay, and, therefore, does not assert any adverse effects at this time. Based on the absence of any assertion or proof of such adverse effects, the Court hereby GRANTS Claimants' motion to lift the stay.

**IT IS SO ORDERED.**

Dated: April 21, 2005                    \s\ Jeffrey S. White

                                              JEFFREY S. WHITE
                                              UNITED STATES DISTRICT JUDGE

**United States District Court**
For the Northern District of California