1  JOSEPH P. RUSSONIELLO (CSBN 44332)
   United States Attorney
2
   BRIAN J. STRETCH (CSBN 163973)
3  Chief, Criminal Division

4  PATRICIA J. KENNEY (CSBN 130238)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, CA 94102
       Telephone: 415.436.6857
7      Facsimile:  415.436.6748
       Email: patricia.kenney@usdoj.gov
8
   Attorneys for the United States of America
9

FILED

MAY 05 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

10                UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12                   SAN FRANCISCO DIVISION

13
   UNITED STATES OF AMERICA,              )
14                                         )
                  Plaintiff,               )
15                                         )
          v.                               )     No. 02-4948 JSW
16                                         )
   REAL PROPERTY LOCATED                   )
17 AT 6557 ASCOT DRIVE,                    )
   OAKLAND, CALIFORNIA,                    )
18                                         )     SETTLEMENT AND COOPERATION
                  Defendant.               )     AGREEMENT BETWEEN THE
19 _____)     UNITED STATES AND THE
                                           )     THE INVESTOR CLAIMANTS
20 HEREFORD HUMANITARIAN                   )
   BUSINESS TRUST,                         )
21 HUIBERT JOHANNES VAN PRAAG,             )
   LONGMEAD PROPERTIES LIMITED,            )
22 STEVEN FONTAINE AND                     )
   NILOUFER FONTAINE                       )
23                                         )
                  Claimants.               )
24 _____)

1    The United States and Hereford Humanitarian Business Trust, Huibert Johannes Van
2    Praag and Investor Claimant Huibert Johannes Van Praag as assignee of the claim of Longmead
3    Properties Limited ("the Parties") agree to cooperate in this case going forward, and to resolve
4    among them any and all disputes as to the amount of their claims if the Court orders forfeiture of
5    defendant 6557 Ascot Drive, Oakland, California. To that end, the parties stipulate and agree,
6    subject to the Court's approval, as follows:

7    1.   Plaintiff is the United States of America. Defendant is the Real Property Located
8    at 6557 Ascot Drive, Oakland, California ("Defendant 6557 Ascot Drive"), and the legal
9    description of Defendant 6557 Ascot Drive is attached to the Complaint for Forfeiture filed on
10   October 11, 2002. There are five claimants who have filed a claim and answer in this case. The
11   three claimants referred to in this Settlement Agreement as the "Investor Claimants" are (1)
12   Hereford Humanitarian Business Trust, (2) Huibert Johannes Van Praag and (3) Longmead
13   Properties Limited. The two other claimants, the "Fontaine Claimants," in this forfeiture action
14   are (1) Steven Fontaine and (2) his wife, Niloufer Fontaine. The Fontaine Claimants are not
15   parties to this Settlement Agreement.

16   2.   The United States and all claimants have attempted without success to settle this
17   lawsuit and, as a result, the Court has scheduled discovery, pretrial and trial. The purpose of this
18   Settlement Agreement is (1) to assure that the Investor Claimants cooperate fully with the United
19   States during discovery, pretrial, trial and any appeals and, in return; (2) to establish how the
20   amount of each the Investor Claimants' claims will be determined and paid in the event the Court
21   determines that Defendant 6557 Ascot Drive is to be forfeited; and (3) to agree that Defendant
22   6557 Ascot Drive will be sold according to the usual and customary procedures employed by the
23   government or its contractor in the event that the Court orders forfeiture.

24   3.   After full and open discussion, the United States and the Investor Claimants agree
25   to resolve any and all claims arising in this action among or between them and Defendant 6557
26   Ascot Drive, which claims were brought or could have been brought in this lawsuit as a result of
27   the filing of the Complaint for Forfeiture, including claims for attorneys' fees and costs, if any.
28

Settlement Agreement Between the
United States and the Investor Claimants
No. 02-4948 JSW                                2

The United States and the Investor Claimants agree that the resolution of these claims is based solely on the terms stated in this Settlement Agreement. It is expressly understood that this Settlement Agreement has been freely and voluntarily entered into by the Parties. The United States and the Investor Claimants further agree that there are no express or implied terms or conditions of settlement, whether oral or written, other than those set forth in this Agreement, and that this Agreement shall be modified only if in writing signed by the Parties. The United States and the Investor Claimants have entered into this Agreement in lieu of continued protracted litigation and District Court adjudication between and among them.

4. This Settlement Agreement is expressly understood by the United States and the Investor Claimants not to be an adjudication of the merits of any factual or legal issue underlying this lawsuit nor is it an adjudication of the merits of any factual or legal issue in those claims which were brought or could have been brought as described in paragraph 3 above.

5. The Investor Claimants release and discharge the United States, as well as any past and present officials, employees, agents, attorneys, their successors and assigns, from any and all obligations, damages, liabilities and demands of any kind and nature whatsoever, whether suspected or unsuspected, at law or in equity, known or unknown, arising out of the allegations set forth in Complaint for Forfeiture filed on October 11, 2002 and arising out of their individual claims filed thereafter.

6. The United States and the Investor Claimants agree that the Investor Claimants will fully cooperate with the United States during discovery, pretrial, trial and any appeals, and that counsel for the Investor Claimants will provide good faith efforts to assist counsel for the United States during all stages of this case, including but not limited to providing documents responsive to requests of the United States as well as any and all other information within the scope of Rule 26, Federal Rules of Civil Procedure, which the United States requests and further agree to be present for interviews, depositions, trial preparation and trial. The requests for such assistance can be informal and need not be the type of request contemplated by Rule 26. The cooperation shall include, but not be limited to, providing witnesses at the expense of Investor

Settlement Agreement Between the
United States and the Investor Claimants
No. 02-4948 JSW                                3

1 Claimants to be interviewed, to give declarations, to give depositions, to be prepared for trial and
2 to testify at trial. The Investor Claimants agree to respond within a reasonable and timely fashion
3 to all requests for assistance by the counsel for the United States. In addition, the Parties agree
4 that all interviews, depositions and trial preparation will take place at the Office of the United
5 States Attorney.

6     7.     If the Investor Claimants cooperate as required by paragraph 6 and if the Court
7 ultimately orders forfeiture of Defendant 6557 Ascot Drive, the United States agrees that it will
8 not oppose the Investor Claimants from obtaining payment of it or his claim in the total amount
9 of sixty two percent (62%) of the Net Proceeds, as defined below, from the sale of Defendant
10 6557 Ascot Drive. The Parties agree that the remaining thirty-eight percent (38%) of the Net
11 Proceeds will remain forfeited to the United States. Of the sixty two percent (62%) paid to the
12 Investor Claimants, the Investor Claimants agree and the United States will not object to seventy
13 five percent (75%) of that amount being paid to satisfy the claim of Investor Claimant Hereford
14 Humanitarian Business Trust and to twenty five percent (25%) of that amount being paid to
15 satisfy the claim of Investor Claimant Huibert Johannes Van Praag and to satisfy the claim of
16 Investor Claimant Huibert Johannes Van Praag as assignee of the claim of Longmead Properties
17 Limited.

18     8.     The United States will determine the "Net Proceeds" of the sale of Defendant
19 6557 Ascot Drive as that term is used in paragraph 7 above by deducting from the sale price of
20 Defendant 6557 Ascot Drive the ordinary and reasonable costs of that sale by the government or
21 its contractor, including but not limited to real estate commissions, costs of recording and the
22 like, and provide a written copy of that determination to Investor Claimants. The Investor
23 Claimants agree not to challenge that determination.

24     9.     In the event that the Court ultimately forfeits Defendant 6557 Ascot Drive, the
25 United States and the Investor Claimants shall each bear its or his own attorneys' fees and costs.
26 In the event that the Court does not ultimately forfeit Defendant 6557 Ascot Drive, the
27 United States and the Investor Claimants shall each bear its or his own attorneys' fees and
28

Settlement Agreement Between the
United States and the Investor Claimants
No. 02-4948 JSW     4

costs and, if the Court were to assess any other costs or attorneys' fees over the objection of the United States or the Investor Claimants, the United States will pay two thirds (2/3) of any such amount and Investor Hereford Humanitarian Business Trust will pay one third (1/3).

IT IS SO STIPULATED:

JOSEPH P. RUSSONIELLO
United States Attorney

Dated: April 24, 2008

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

COOPER, WHITE & COOPER LLP

Dated: April 24, 2008

STEPHEN D. KAUS
Attorneys for Hereford Humanitarian Business Trust

DONOVAN HATEM LLP

Dated: April 24, 2008

DARRELL MOOK
Attorney for Hereford Humanitarian Business Trust

CLARENCE & DYER LLP

Dated: April 24, 2008

KATE DYER
Attorney for Huibert Van Praag and Longmead Properties Limited

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS 5th DAY OF May, 2008.

HONORABLE JEFFREY S. WHITE
United States District Court

Settlement Agreement Between the
United States and the Investor Claimants
No. 02-4948 JSW                    5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

REAL PROPERTY AT 6557 ASCOT DRIVE,
OAKLAND, CALIFO et al,

        Defendant.
        _____/

Case Number: CV02-04948 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 5, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Niloufer Fontaine
6557 Ascott Drive
Oakland, CA 94611-1708

Steven Fontaine
6557 Ascott Drive
Oakland, CA 94611-1708

Dated: May 5, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk