1   JOSEPH P. RUSSONIELLO (CSBN 44332)
    United States Attorney
2
    BRIAN J. STRETCH (CSBN 163973)
3   Chief, Criminal Division

4   PATRICIA J. KENNEY (CSBN 130238)
    Assistant United States Attorney
5       450 Golden Gate Avenue
        San Francisco, CA 94102
6       Telephone: 415.436.6857
        Facsimile: 415.436.6748
7       Email: patricia.kenney@usdoj.gov

8   Attorneys for the United States of America

9                   UNITED STATES DISTRICT COURT

10              NORTHERN DISTRICT OF CALIFORNIA

11                   SAN FRANCISCO DIVISION

12  UNITED STATES OF AMERICA,               )
                                            )
13                   Plaintiff,             )
                                            )
14          v.                              )        No. 02-4948 JSW
                                            )
15  REAL PROPERTY LOCATED                   )
    AT 6557 ASCOT DRIVE,                    )
16  OAKLAND, CALIFORNIA,                    )
                                            )        STIPULATED OCCUPANCY
17                   Defendant.             )        AGREEMENT
                                            )
18  _____        )
                                            )
19  HEREFORD HUMANITARIAN                   )
    BUSINESS TRUST,                         )
    HUIBERT JOHANNES VAN PRAAG,             )
20  LONGMEAD PROPERTIES LIMITED,            )
    STEVEN FONTAINE AND                     )
21  NILOUFER FONTAINE,                      )
                                            )
22                   Claimants.             )
                                            )
23  _____        )

24          The parties stipulate and agree as follows:

25          1.      Plaintiff is the United States of America.  Defendant is the Real Property Located

26  at 6557 Ascot Drive, Oakland, California ("defendant 6557 Ascot Drive").  Appearing as

27  Claimants after filing a claim and answer are (1) Steven Fontaine and Niloufer Fontaine, his wife

28  ("Fontaine Claimants"); and (2) Hereford Humanitarian Business Trust, Huibert Johannes Van

1   Praag and Longmead Properties Limited ("Investor Claimants"). The United States and

2   Claimants are hereinafter referred to as the "parties" in this document which is hereinafter

3   referred to as the "Occupancy Agreement" or "Agreement."

4         2.     The parties enter into this Occupancy Agreement to allow claimants Steven

5   Fontaine and Niloufer Fontaine, his wife, to continue to reside at defendant 6557 Ascot Drive to

6   and including July 12, 2009 under the conditions set forth in this Agreement.

7         3.     The United States Marshals have the right at reasonable times to enter defendant

8   6557 Ascot Drive, including the residence and any other buildings on that property, for the

9   purpose of conducting an initial and subsequent inspections, changing locks, taking still and

10   video photographs, appraising the condition and value of that property and taking an inventory.

11   All inspections will be conducted during daylight hours and after a telephone call to the Fontaine

12   claimants at their telephone number ending in 2085 announcing such inspection which telephone

13   call will be made at a reasonable time prior to the inspection and, if no one answers, a voice mail

14   message left will be sufficient notice.. The United States Marshal also has a right of entry

15   without notice on an emergency basis. An emergency is anything that would lead to imminent

16   damage or destruction of defendant 6557 Ascot Drive, including the residence and any other

17   buildings on that property.

18         4.     The Fontaine Claimants agree to maintain defendant 6557 Ascot Drive at their

19   expense in the same, or better, condition as it existed on March 31, 2009 when the Court ordered

20   defendant 6557 Ascot Drive forfeited to the United States. The word "maintain," includes, but is

21   not limited to: keeping the property free of hazards and/or structural defects, keeping all heating,

22   air conditioning, plumbing, electrical, gas, oil, and other power facilities in good working

23   condition; keeping defendant 6557 Ascot Drive clean and providing all necessary facilities for

24   proper sanitation and waste removal; keeping defendant 6557 Ascot Drive in conformity with

25   reasonable needs for lawn care, and providing any other ordinary and necessary items of routine

26   maintenance.

27         5.     The Fontaine Claimants agree to timely pay all mortgage payments, home

28   equity loans, dues, association fees, utility, sewer, trash, cable television payments, and any other

expenditures otherwise necessary with respect to defendant 6557 Ascot Drive. The Fontaine Claimants further agree to abide by all laws, codes, regulations, ordinances, covenants, rules, bylaws, binding agreements, and/or conditions pertaining to the care, maintenance, control, and use of defendant 6557 Ascot Drive.

6.      The Fontaine Claimants agree to obtain and maintain casualty and fire insurance equal to the full replacement cost for defendant 6557 Ascot Drive and all improvements on it, including policies to cover liability to any and all persons injured on defendant 6557 Ascot Drive. The Fontaine Claimants agree to maintain liability insurance for the injuries occurring on, or resulting from, use of defendant 6557 Ascot Drive, or activities or conditions on it, in the minimum amount of the $1,000,000. Additionally, the Fontaine Claimants shall arrange for a rider to all the above mentioned policies naming the United States of America as a loss payee and additional insured during the period that this Agreement to and including July 12, 2009. Copies of the required insurance policies, as well as proof of naming the United States of America as a loss payee and additional insured, shall be delivered the United States no later than the April 27, 2009. The Fontaine Claimants agree to hold the United States of America or its agents harmless, for any and all claims made while this Agreement is in effect which arise out of the injury to any and all persons, except as directly caused by an agent of the United States of America.

7.      On or before July 12, 2009, the termination of this Agreement, the Fontaine Claimants shall remove any and all personal belongings from defendant 6557 Ascot Drive at their expense. If the Fontaine Claimants fail to remove personal belongings from defendant 6557 Ascot Drive, these items will be removed by the United States Marshals Service at the expense of the Fontaine Claimants and disposed of by the United States Marshals Service by public auction, commercial sale or other means allowed by law.

8.      The Fontaine Claimants have no right to sublet defendant 6557 Ascot Drive.

9.      The Fontaine Claimants agree not to violate any federal, state, or local law/ordinance, and not to allow any other party to violate any federal, state, or local law/ordinance on defendant 6557 Ascot Drive during the life of this Agreement. The Fontaine Claimants agree not to use the defendant 6557 Ascot Drive so that it poses a danger to the health

Stipulated Occupancy Agreement
No. 02-4948 JSW                                    3

1   or safety of the public, or a danger to law enforcement, or to use defendant 6557 Ascot Drive so

2   that it adversely affects the liability of the United States Marshal or the designee of the United

3   States Marshal authorized to mange defendant 6557 Ascot Drive

4        10.    The Fontaine Claimants agree not to remove, destroy, alienate, transfer, detract

5   from, remodel, or alter in any way, defendant 6557 Ascot Drive or any fixture, which is part of

6   defendant 6557 Ascot Drive, ordinary wear excepted, without express written consent of the

7   United States  Marshal.

8        11.    If Fontaine Claimants decide to vacate the premises prior to July 12, 2009, they

9   agree to give two weeks, prior written notice to the United States and will be responsible for

10  paying all fees and expenses outlined in this Agreement through the fourteen (14) day notice

11  period.

12       12.    The Fontaine Claimants understand, and agree, that any violation of this

13  Stipulated Occupancy Agreement, including but not limited to the failure to make required

14  payments or have the required insurance policies under this Agreement, is a basis for their

15  immediate removal and eviction from defendant 6557 Ascot Drive upon fourteen (14) days

16  notice.

17       13.    This constitutes the entire agreement between the parties.  Amendments to this

18  Stipulated Occupancy Agreement shall only be made in writing signed by the Parties.

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///



1     14.   The parties agree that the Court will retain jurisdiction over this case until the

2 Fontaine Claimants have vacated 6557 Ascot Drive.

3 IT IS SO STIPULATED:     JOSEPH P. RUSSONIELLO
    United States Attorney

4

5 Dated: April 14, 2009     /s/
    PATRICIA J. KENNEY

6     Assistant United States Attorney
    Attorneys for the United States

7     COOPER, WHITE & COOPER LLP

8 Dated: April 14, 2009     /s/
    STEPHEN D. KAUS

9     Attorneys for Hereford Humanitarian Business Trust

10     DONOVAN HATEM LLP

11 Dated: April 14, 2009     /s/
    DARRELL MOOK

12     Attorney for Claimant Hereford
    Humanitarian Business Trust

13

14     CLARENCE & DYER LLP

15 Dated: April 14, 2009     /s/
    KATE DYER

16     Attorney for Claimants Huibert Van Praag and
    Longmead Properties LLP

17

18 Dated: May 4, 2009
    STEVEN FONTAINE
    Claimants

19

20 Dated: May 4, 2009
    NILOUFER FONTAINE

21     Claimants

22 Dated: May 1, 2009
    JAMES BRADEN

23     Attorney for Claimants Steven Fontaine
    and Niloufer Fontaine

24

25     IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS

26 _____ DAY OF _____, 2009.

27

28     HONORABLE JEFFREY S. WHITE
    United States District Court

Stipulated Occupancy Agreement
No. 02-4948 JSW     5

14. The parties agree that the Court will retain jurisdiction over this case until the Fontaine Claimants have vacated 6557 Ascot Drive.

IT IS SO STIPULATED:

Dated: April __14__, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

COOPER, WHITE & COOPER LLP

Dated: April __17__, 2009

STEPHEN D. KAUS
Attorneys for Hereford Humanitarian Business Trust

DONOVAN HATEM LLP

Dated: April __14__, 2009

DARRELL MOOK
Attorney for Claimant Hereford
Humanitarian Business Trust

CLARENCE & DYER LLP

Dated: April __17__, 2009

_Kate Dyer / pjkenney per fax authorization_

KATE DYER
Attorney for Claimants Huibert Van Praag and
Longmead Properties LLP

Dated: April ___, 2009

STEVEN FONTAINE
NILOUFER FONTAINE
Claimants

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS
_____ DAY OF _____, 2009.

HONORABLE JEFFREY S. WHITE
United States District Court

Stipulated Occupancy Agreement
No. 02-4948 JSW                          5