1    JOSEPH P. RUSSONIELLO (CSBN 44332)
     United States Attorney
2
     BRIAN J. STRETCH (CSBN 163973)
3    Chief, Criminal Division

4    PATRICIA J. KENNEY (CSBN 130238)
     Assistant United States Attorney
5         450 Golden Gate Avenue
           San Francisco, CA 94102
6         Telephone: 415.436.6857
           Facsimile: 415.436.6748
7         Email: patricia.kenney@usdoj.gov

8    Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>     v.<br><br>REAL PROPERTY LOCATED<br>AT 6557 ASCOT DRIVE,<br>OAKLAND, CALIFORNIA,<br><br>                Defendant.<br><br>HEREFORD HUMANITARIAN<br>BUSINESS TRUST,<br>HUIBERT JOHANNES VAN PRAAG,<br>LONGMEAD PROPERTIES LIMITED,<br>STEVEN FONTAINE AND<br>NILOUFER FONTAINE,<br><br>                Claimants. | No. 02-4948 JSW<br><br>STIPULATION RE: REVISED<br>BRIEFING SCHEDULE<br>AND<br>FIRST AMENDMENT TO THE<br>THE MAY 8, 2009 STIPULATED<br>OCCUPANCY AGREEMENT |

The parties stipulate and agree as follows:

1.     Plaintiff is the United States of America. Defendant is the Real Property Located at 6557 Ascot Drive, Oakland, California ("defendant 6557 Ascot Drive"). Appearing as Claimants after filing a claim and answer are (1) Steven Fontaine and Niloufer Fontaine, his wife ("Fontaine Claimants"); and (2) Hereford Humanitarian Business Trust, Huibert Johannes Van

Praag and Longmead Properties Limited ("Investor Claimants"). The United States and Claimants are hereinafter referred to as the "parties" in this document.

**Stipulation Re: Revised Briefing Schedule**

2. With regard to the motion of the Fontaine Claimants to stay the enforcement of judgment, the parties agree to the following schedule: (1) the opposition of the United States shall be due on or before July 17, 2009; (2) the reply of the Fontaine Claimants shall be due on or before July 24, 2009; (3) the parties agree, subject to the Court's approval, that the hearing date scheduled by counsel for the Fontaine Claimants for August 7, 2009 be taken off calendar and that the Court take the motion under submission without a hearing once all briefs are on file.[1]

**First Amendment to May 8, 2009 Stipulated Occupancy Agreement**

3. The purpose of this First Amendment is to amend the Stipulated Occupancy Agreement ("SOA") to authorize claimants Steven Fontaine and Niloufer Fontaine, his wife, to continue to reside at defendant 6557 Ascot Drive as lessees, on terms set forth below, for an additional two months, from July 12, 2009 to and including September 12, 2009, so that the parties can complete submission of the Fontaine Claimants' motion and provide the Court with time to consider their motion on a non-emergency basis.

4. The parties stipulated to an occupancy agreement which was entered by the Court as an order on May 8, 2009. *See* SOA, filed May 8, 2009. Except to the extent that the parties agree in this "First Amendment to the May 8, 2009 Stipulated Occupancy Agreement" (or "First Amendment") expressly to amend or modify the SOA, the parties agree that the SOA remains in effect. To the extent that any provision in this First Amendment is inconsistent with the SOA, this First Amendment controls.

5. The date "July 12, 2009" in paragraphs 2, 5 and 11 of the SOA is modified and amended to read "September 12, 2009."

---

[1] The undersigned AUSA has had prepaid vacation plans for the week of August 3-7, 2009 since last winter, and had previously informed counsel for the Fontaine Claimants of those plans, but counsel was unable to obtain any other hearing date in August from the Courtroom Clerk.

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW                2

6. The parties agree that the Fontaine Claimants shall pay $4000/month in rent for a total of $8000 which is due and payable on or before July 6, 2009 for the rental period of July 12, 2009 to September 12, 2009.

7. The Fontaine Claimants agree to make the $8000 rent payment either in cash or by a bank cashiers check drawn on the account of a bank made out to the "United States Department of the Treasury," and to deliver the cash or the check on or before the July 6, 2009 due date to Special Agent Juan Saavedra, IRS-Criminal Investigations at 1301 Clay Street, Oakland, CA 94612. This provision is material. Failure of the Fontaine Claimants to comply with this provision terminates the lease agreement and requires the Fontaine Claimants to vacate the premises and remove their personal property on or before July 12, 2009. Thereafter, the United States will immediately take steps to sell defendant 6557 Ascot Drive, and place the net proceeds of the sale after deduction of customary costs of the sale in an appropriate forfeiture account until the appeal is resolved.

8. When the Fontaine Claimants vacate defendant 6557 Ascot Drive, the United States will conduct an inspection to determine whether any damage has occurred to defendant 6557 Ascot Drive occurred since the date of forfeiture, and provide an invoice to the Fontaine Claimants for the amount reasonably necessary to repair such damage which the Fontaine Claimants agree to pay in full within 14 days, regardless of whether they disagree with the damages assessed.

9. In the event that the Fontaine Claimants fail to vacate and remove their personal property for non-payment of rent or at the end of the lease period, then the Fontaine Claimants consent to have the United States evict them on or after the date the lease terminates and remove their personal property to storage from defendant 6557 Ascot Drive at the Fontaine Claimants' expense. In the event that the United States has to remove and store the Fontaine Claimants' personal property, it will store the property removed for no more than 30 days unless the Fontaine Claimants pay storage fees in advance and, after 30 days of storage when no advance storage fees

///

///

///

1 | have been paid, the United States shall take steps immediately to dispose of or sell, at its discretion,
2 | the personal property which shall be considered as abandoned personal property.

3      10.      If the forfeiture of defendant 6557 Ascot Drive is upheld on appeal, then the United States is entitled to keep the rental payments of defendant 6557 Ascot Drive. If the forfeiture of defendant 6557 Ascot Drive is not upheld on appeal, then defendant 6557 Ascot Drive and the rental payment will be returned to the Fontaine Claimants.

IT IS SO STIPULATED:

Dated: June 30, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

_/s/ Patricia J. Kenney_
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

Dated: June ___, 2009

COOPER, WHITE & COOPER LLP

_____
STEPHEN D. KAUS
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June ___, 2009

DONOVAN HATEM LLP

_____
DARRELL MOOK
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June ___, 2009

CLARENCE & DYER LLP

_____
KATE DYER
Attorney for Claimants Huibert Van Praag and Longmead Properties LLP

Dated: June ___, 2009

_____
STEVEN FONTAINE
Claimant

Dated: June ___, 2009

_____
NILOUFER FONTAINE
Claimant

Dated: June ___, 2009

_____
JAMES BRADEN
Attorney for Claimants Steven Fontaine and Niloufer Fontaine

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS _____ DAY OF _____, 2009.

_____
HONORABLE JEFFREY S. WHITE
United States District Court

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW      4

1  have been paid, the United States shall take steps immediately to dispose of or sell, at its discretion,
2  the personal property which shall be considered as abandoned personal property.
3      10.    If the forfeiture of defendant 6557 Ascot Drive is upheld on appeal, then the United
4  States is entitled to keep the rental payments of defendant 6557 Ascot Drive. If the forfeiture of
5  defendant 6557 Ascot Drive is not upheld on appeal, then defendant 6557 Ascot Drive and the rental
6  payment will be returned to the Fontaine Claimants.

| | |
|---|---|
| IT IS SO STIPULATED: | JOSEPH P. RUSSONIELLO<br>United States Attorney |
| Dated: June ___, 2009 | _____<br>PATRICIA J. KENNEY<br>Assistant United States Attorney<br>Attorneys for the United States |
| | COOPER WHITE & COOPER LLP |
| Dated: June 30, 2009 | _____<br>STEPHEN D. KAUS<br>Attorneys for Claimant Hereford Humanitarian Business Trust |
| Dated: June ___, 2009 | DONOVAN HATEM LLP<br>_____<br>DARRELL MOOK<br>Attorneys for Claimant Hereford Humanitarian Business Trust |
| Dated: June ___, 2009 | CLARENCE & DYER LLP<br>_____<br>KATE DYER<br>Attorney for Claimants Huibert Van Praag and Longmead Properties LLP |
| Dated: June ___, 2009 | _____<br>STEVEN FONTAINE<br>Claimant |
| Dated: June ___, 2009 | _____<br>NILOUFER FONTAINE<br>Claimant |
| Dated: June ___, 2009 | _____<br>JAMES BRADEN<br>Attorney for Claimants Steven Fontaine and Niloufer Fontaine |

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS
____ DAY OF _____, 2009.

_____
HONORABLE JEFFREY S. WHITE
United States District Court

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW        4

have been paid, the United States shall take steps immediately to dispose of or sell, at its discretion, the personal property which shall be considered as abandoned personal property.

10. If the forfeiture of defendant 6557 Ascot Drive is upheld on appeal, then the United States is entitled to keep the rental payments of defendant 6557 Ascot Drive. If the forfeiture of defendant 6557 Ascot Drive is not upheld on appeal, then defendant 6557 Ascot Drive and the rental payment will be returned to the Fontaine Claimants.

IT IS SO STIPULATED:

Dated: June ___, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

_____
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

Dated: June ___, 2009

COOPER, WHITE & COOPER LLP

_____
STEPHEN D. KAUS
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June 30, 2009

DONOVAN HATEM LLP

_____
DARRELL MOOK
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June 20, 2009

CLARENCE & DYER LLP

_____
KATE DYER
Attorney for Claimants Hubert Van Praag and Longmead Properties LLP

Dated: June ___, 2009

_____
STEVEN FONTAINE
Claimant

Dated: June ___, 2009

_____
NILOUFER FONTAINE
Claimant

Dated: June ___, 2009

_____
JAMES BRADEN
Attorney for Claimants Steven Fontaine and Niloufer Fontaine

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS _____ DAY OF _____, 2009.

_____
HONORABLE JEFFREY S. WHITE
United States District Court

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW

4

Fax To: 1 415 788 5605

1 | have been paid, the United States shall take steps immediately to dispose of or sell, at its discretion,
2 | the personal property which shall be considered as abandoned personal property.
3 |     10. If the forfeiture of defendant 6557 Ascot Drive is upheld on appeal, then the United
4 | States is entitled to keep the rental payments of defendant 6557 Ascot Drive. If the forfeiture of
5 | defendant 6557 Ascot Drive is not upheld on appeal, then defendant 6557 Ascot Drive and the rental
6 | payment will be returned to the Fontaine Claimants.

IT IS SO STIPULATED:

Dated: June ___, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

_____
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

Dated: June ___, 2009

COOPER, WHITE & COOPER LLP

_____
STEPHEN D. KAUS
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June ___, 2009

DONOVAN HATEM LLP

_____
DARRELL MOOK
Attorneys for Claimant Hereford Humanitarian Business Trust

Dated: June ___, 2009

CLARENCE & DYER LLP

_____
KATE DYER
Attorney for Claimants Huibert Van Praag and Longmead Properties LLP

Dated: June 30, 2009

_____
STEVEN FONTAINE
Claimant

Dated: June ___, 2009

_____
NILOUFER FONTAINE
Claimant

Dated: June 30, 2009

_____
JAMES BRADEN
Attorney for Claimants Steven Fontaine and Niloufer Fontaine

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS ____ DAY OF _____, 2009.

_____
HONORABLE JEFFREY S. WHITE
United States District Court

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW      4

Received Time Jun.30. 2:51PM

FAX TO: ( 415 ) 788 5605

1  have been paid, the United States shall take steps immediately to dispose of or sell, at its discretion,
2  the personal property which shall be considered as abandoned personal property.
3     10. If the forfeiture of defendant 6557 Ascot Drive is upheld on appeal, then the United
4  States is entitled to keep the rental payments of defendant 6557 Ascot Drive. If the forfeiture of
5  defendant 6557 Ascot Drive is not upheld on appeal, then defendant 6557 Ascot Drive and the rental
6  payment will be returned to the Fontaine Claimants.

IT IS SO STIPULATED:

Dated: June ___, 2009

JOSEPH P. RUSSONIELLO
United States Attorney

_____
PATRICIA J. KENNEY
Assistant United States Attorney
Attorneys for the United States

COOPER, WHITE & COOPER LLP

Dated: June ___, 2009

_____
STEPHEN D. KAUS
Attorneys for Claimant Hereford Humanitarian Business Trust

DONOVAN HATEM LLP

Dated: June ___, 2009

_____
DARRELL MOOK
Attorneys for Claimant Hereford Humanitarian Business Trust

CLARENCE & DYER LLP

Dated: June ___, 2009

_____
KATE DYER
Attorney for Claimants Hubert Van Praag and Longmead Properties LLP

Dated: June 30th, 2009

_____
STEVEN FONTAINE
Claimant

Dated: June 30, 2009

_____
NILOUFER FONTAINE
Claimant

Dated: June ___, 2009

_____
JAMES BRADEN
Attorney for Claimants Steven Fontaine and Niloufer Fontaine

IT IS SO ORDERED PURSUANT TO THE FOREGOING STIPULATION ON THIS 2 DAY OF July, 2009.

_____
HONORABLE JEFFREY S. WHITE
United States District Court

Rev. Brief. Sched. & 1st Am. SOA
No. 02-4948 JSW       4