IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. C 02-4948 JSW |
| v. | |
| REAL PROPERTY AT 6557 ASCOT DRIVE, OAKLAND, CALIFORNIA, | **ORDER DENYING MOTION TO STAY PENDING APPEAL** |
| Defendant, | |
| STEVEN FONTAINE and NILOUFER FONTAINE, | |
| Claimants. | |

Now before the Court is the motion to stay pending appeal filed claimants Steven Fontaine and Niloufer Fontaine ("Claimants"). Having considered the parties' papers, relevant legal authority, the record in this case, the Court hereby denies Claimants' motion for a stay.

**ANALYSIS**

The Court granted the motion for summary judgment filed by plaintiff United States of America ("Plaintiff") and entered judgment in its favor. Claimants now move to stay enforcement of judgment pending their appeal.

It is within this Court's discretion to determine whether it should stay these proceedings pending appeal. *Britton v. Co-Op Banking Group*, 916 F.2d 1405, 1412 & n.8 (9th Cir. 1990). In the Ninth Circuit, "[t]he standard for evaluating stays pending appeal is similar to that

employed by district courts in deciding whether to grant a preliminary injunction." *Lopez v. Heckler*, 713 F.2d 1432, 1435 (9th Cir. 1983); *see also Hilton v. Braunskill*, 481 U.S. 770, 776 (1987) (setting forth four factors governing issuance of stay pending appeal: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in proceeding; and (4) where the public interest lies"). The Ninth Circuit uses "two interrelated legal tests for the issuance of preliminary injunction." *Lopez*, 713 F.2d at 1435. Thus, a moving party may either show a "probability of success on the merits and the possibility of irreparable injury" or "demonstrate that serious legal questions are raised and that the balance of hardships tips sharply in its favor." *Id.*

Having considered the parties' arguments, and in light of the sliding scale used by the Ninth Circuit in evaluating whether stays should be granted, the Court finds that Claimants have failed to demonstrate that the balance of hardships tips sharply in their favor or that serious legal questions are presented. Accordingly, exercising its discretion, the Court DENIES Claimants' motion.

**IT IS SO ORDERED.**

Dated: August 17, 2009

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2